IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAKAYLA DAVIS, as Personal Representative of the Estate of RICKY DAVIS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MUSKOGEE, OKLAHOMA; ROBERT "BOB" LYNCH; and JEREMY JENKINS,<br><br>Defendants. | Case No. 22-CV-320-DES |

### OPINION AND ORDER

This matter comes before the Court on Defendant Robert "Bob" Lynch's ("Defendant Lynch" or "Officer Lynch") Motion for Summary Judgment and Brief in Support (Docket No. 41). For the reasons set forth below, Defendant Lynch's Motion for Summary Judgment is GRANTED.

Plaintiff's allegations stem from an incident where Ricky Davis ("Mr. Davis"), following a call to him accusing his minor daughter, Shalayna Davis, of stealing money and threatening imminent harm to her, drove to his daughter's location, called 9-1-1, and told the dispatcher that two women were assaulting his daughter. (Docket No. 2 at 4). Plaintiff alleges that when Mr. Davis arrived at the scene, his daughter was running down the street and got into his car. *Id.* at 5. Although Mr. Davis initially drove away, he returned to the scene to retrieve his daughter's purse and phone. *Id.* It was upon this return that Plaintiff alleges the same individuals who assaulted Mr. Davis' daughter began assaulting Mr. Davis and threatened to kill him and his family. *Id.* Plaintiff alleges Mr. Davis had a concealed carry license, was carrying a firearm, and loudly told these individuals that he had a gun and warned them to get back. *Id.* It was at this point that Officer Robert Lynch

1

("Officer Lynch") from Muskogee Police Department arrived[1] and told Mr. Davis to "drop the gun!", which Mr. Davis did. *Id.* Officer Lynch then told Mr. Davis to "get on the ground!" *Id.*

Plaintiff alleges, this order to "get on the ground" caused Mr. Davis to pause. In September 2017, Plaintiff alleges Mr. Davis underwent a kidney transplant procedure that required extended hospitalization. *Id.* at 3. In October 2017, Plaintiff further alleges Mr. Davis was injured in a car accident that caused a kidney infection and required another surgery. *Id.* Plaintiff alleges, due to his "history of dialysis, injections and IVs in his left forearm" an AV fistula and shunt was placed in Mr. Davis's forearm in March 2018. *Id* at 4. Once Officer Lynch ordered Mr. Davis to "get on the ground," Plaintiff alleges Mr. Davis said he could not get on the ground "due to his kidney transplant," to which Officer Lynch responded he did not care and repeated his command for Mr. Davis to get on the ground. *Id.* at 5-6. Plaintiff alleges Mr. Davis was fearful of being shot so he got on the ground. *Id*. at 6. At this point, Sergeant Jenkins arrived on the scene and he and Officer Lynch proceeded to handcuff Mr. Davis. *Id*. Plaintiff alleges Mr. Davis told the officers that he could not have his left arm cuffed behind his back because it was restricted with medical devices and because he had a kidney transplant. *Id.* Plaintiff alleges Sergeant Jenkins placed Mr. Davis inside a squad car with his arms cuffed behind his back, which caused more pain and pressure on the AV fistula and shunt. *Id.* at 7. Plaintiff alleges Mr. Davis had difficulty breathing because the squad car had no air conditioning. *Id.* After approximately forty-five (45) minutes, Plaintiff alleges Mr. Davis was allowed to get out of the squad car and his handcuffs were removed. *Id.* Plaintiff alleges Mr. Davis's AV fistula was "visibly swollen, disfigured and protruding from his arm" and that an EMT spoke to Mr. Davis about his medical history and looked at his left arm. *Id.* Plaintiff alleges Mr. Davis returned home but presented to the hospital later that evening due to arm

---

[1] Plaintiff disputes that Mr. Davis was pointing or waiving his gun at anyone on the scene, however, the body camera footage shows Mr. Davis was waiving his gun around as Officer Lynch arrived on the scene.

swelling and significant pain. *Id.* Plaintiff claims, it was later determined that the AV fistula in his left arm had "burst . . . . requiring[ing] additional invasive surgical intervention to repair the damaged fistula and further hospitalization." *Id.*

Plaintiff, Shakayla Davis, daughter of Mr. Davis and Personal Representative of the Estate of Ricky Davis, filed this action on November 15, 2022 alleging: (1) excessive use of force in violation of the Fourth and/or Fourteenth Amendment and 42 U.S.C. § 1983 against all Defendants, (2) negligence against Defendant City of Muskogee ("Defendant City"), (3) violation of the Americans with Disabilities Act ("ADA") against all Defendants, and (4) deliberate indifference to a serious medical need in violation of the Fourteenth Amendment and 42 U.S.C. § 1983 against all Defendants. (Docket No. 2).

On September 19, 2024, Officer Lynch filed his Motion for Summary Judgment wherein he argues that there is no genuine dispute as to any material fact and that Officer Lynch is entitled to judgment as a matter of law. (Docket No. 41). Plaintiff did not respond to Officer Lynch's Motion for Summary Judgment; however, on November 7, 2024, Plaintiff filed an Amended Notice to the Court indicating that although she disputes numerous assertions of fact made in Officer Lynch's Motion for Summary Judgment,[2] she does not contest Officer Lynch's claim that he is entitled to judgment as a matter of law. (Docket No. 58 at 2). Accordingly, Defendant's Motion for Summary Judgment is GRANTED, and Defendant Lynch is entitled to judgment as a matter of law. *See Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 671(10th Cir. 1998) ("If a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence

---

[2] Defendant Jeremy Jenkins and Defendant City of Muskogee, Oklahoma adopted the Material Uncontroverted Facts from Officer Lynch's Motion for Summary into their own Motions for Summary Judgment. (Docket Nos. 42, 43). Thus, Plaintiff clarifies that her factual disputes are included in her Responses to Defendant Jeremy Jenkins' Motion for Summary Judgement (Docket No. 50) and Defendant City of Muskogee, Oklahoma's Motion for Summary Judgment (Docket No. 51).

on an essential element of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial.").

IT IS THEREFORE ORDERED that Defendant Robert "Bob" Lynch's Motion for Summary Judgment is hereby **GRANTED.**

IT IS SO ORDERED this 1st day of May, 2025.

_____
D. Edward Snow
United States Magistrate Judge